UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT DIETRICH, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Cause No.: 3:10-CV-84 RM |
| | ) (arising out of 3:09-CR-25(01) RM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION AND ORDER

Robert Dietrich has filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Doc. No. 84] as well as a motion for hearing on his habeas petition [Doc. No. 88]. Briefing is complete. The court assumes the reader's familiarity with the record generally and with the court's findings at Mr. Dietrich's sentencing.

The court decides Mr. Dietrich's petition without a hearing. If "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief," no evidentiary hearing is required. 28 U.S.C. § 2255. Based on the court's review of the parties' filings and the record of this case, the court concludes that the factual and legal issues raised by Mr. Dietrich may be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000).

I. Background

Mr. Dietrich pleaded guilty to unlawfully obstructing interstate commerce by robbery, in violation of 18 U.S.C. § 1951. Mr. Dietrich was addicted to Vicodin and had committed a series of robberies to feed his addiction. In little more than a month, he robbed two pharmacies and a Menards. His guilty plea was for the Menards robbery, in which he threatened a clerk with a bomb and stole $490. The court sentenced Mr. Dietrich to the statutory maximum of 240 months' imprisonment, above the Sentencing Guidelines' suggested range. Mr. Dietrich filed an appeal, but quickly moved to dismiss his appeal pursuant to FED. R. APP. P. 42(b) so he could file this habeas petition.

Mr. Dietrich says he spent more than 900 hours researching his case throughout the proceedings. Mr. Dietrich convinced his second attorney, Jay Stevens, to pursue all of his desired motions: Mr. Stevens filed motions to suppress evidence, to suppress pretrial identification, to sever trials for the three counts in the indictment, and to dismiss the indictment. *See* Doc. Nos. 22, 23, 24, 25. But, Mr. Dietrich also wanted a variety of witnesses to be subpoenaed for his motions hearing, including the magistrate judge who signed his search warrant. Aware that Mr. Stevens refused to go that far, this court noted that Mr. Dietrich's arguments had no basis in the law, that attorneys aren't required to act as "gofers," and that it would be ineffective assistance of counsel for an attorney to pursue these motions in the way Mr. Dietrich wanted. *See* Hrg. Tr., July 6, 2009, at 15-16 [Doc. No. 74].

The arguments Mr. Dietrich raises in his habeas petition have been addressed before throughout the record. *See* Motion to Withdraw as Attorney, Hrg. Tr., July 6, 2009 [Doc. No. 40]; Motion to Proceed Pro Se and to Withdraw Plea Agreement, Hrg. Tr., July 23, 2009 [Doc. No. 45]; Sentencing, Hrg. Tr., August 27, 2009 [Doc. No. 61].

Moreover, Mr. Dietrich waived most of his arguments. When Mr. Dietrich pleaded guilty, he knowingly and voluntarily waived his right to appeal and his right to file any claims of ineffective assistance of counsel (except for advice related to his plea agreement), and his right to pursue any post-conviction proceeding, including but not limited to, a proceeding under § 2255. Plea Agreement, at ¶ 9(d) [Doc. No. 34]. Mr. Dietrich understood well that he was giving up these rights. *See* Change of Plea Hearing, June 11, 2009, at 17, 23 [Doc. No. 35].

The one allowable argument that Mr. Dietrich makes in his habeas petition is that he was given two potential plea agreements, but the one that was entered for him contains an extra paragraph allowing the government to argue relevant conduct at his sentencing. *See* Plea Agreement, June 11, 2009, at ¶ 9(f) [Doc. No. 34]. Mr. Dietrich says his attorney told him not to worry about it and that he would be sentenced within the guideline range because this court, his attorney allegedly stated, had gone above the range only twice before.

II. ANALYSIS

A person convicted of a federal crime may attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (*citing* Brecht v. Abrahamson, 507 U.S. 619, 633-634 (1993)). A § 2255 petition can't substitute for an appeal or advance arguments that could have been made earlier. *See* Reed v. Farley, 512 U.S. 339, 354 (1994) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal." (quoting Sunal v. Large, 332 U.S. 174, 178 (1947))); Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000) ("It is well-established . . . that a § 2255 motion is not a substitute for direct appeal.").

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). To prevail on his claim of ineffective assistance of counsel, Mr. Dietrich must show both (1) that his attorney's performance was objectively unreasonable in its deficiency such that he was denied the counsel guaranteed by the 6th Amendment, and (2) that this deficient performance prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v.

4

Washington, 466 U.S. 668, 687 (1984); Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996). If Mr. Dietrich can't make a showing on both prongs, his claim must be dismissed. Jones v. Page, 76 F.3d at 840.

On the first prong, judicial scrutiny of the attorney's performance must be "highly deferential" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Jones v. Page, 76 F.3d at 840 (quoting Strickland v. Washington, 466 U.S. at 689). An attorney's duty isn't to raise every conceivable defense or obstruction, for a "lawyer has an obligation to be truthful and forthright with the court, [and] he has no duty to make a frivolous argument." Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005) (quotation removed).

To show prejudice under the second prong, Mr. Dietrich must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694; Jones v. Page, 76 F.3d at 840.

Mr. Stevens' performance was reasonable and didn't prejudice Mr. Dietrich. Had Mr. Dietrich gone to trial, he would have faced a maximum twenty years' imprisonment on each count, for a total maximum of sixty years' imprisonment. Mr. Dietrich was well aware of this. *See, e.g.*, Initial Appearance Tr., March 23, 2009, at 6 [Doc. No. 5]. It was entirely reasonable for counsel to strongly

5

encourage Mr. Dietrich to plead guilty to one count and so cap the maximum prison sentence he faced, particularly when Mr. Dietrich has never disavowed his guilt of the Menards robbery.

Further, Mr. Stevens' performance didn't prejudice Mr. Dietrich. Even if Mr. Stevens told Mr. Dietrich "not to worry about" the relevant conduct issue, Mr. Dietrich and Mr. Stevens apparently discussed the matter and Mr. Dietrich didn't indicate any hesitations about the plea agreement to the court. *See* Change of Plea Hearing, June 11, 2009, at 10-11 [Doc. No. 35].[1] The court doubled back to the relevant conduct issue and explained it at length to Mr. Dietrich, and he indicated he understood and didn't indicate any hesitations about the issue to the court. *See* id. at 14-15. The court also explained at length that it could go above the sentencing guidelines. *See* id. at 12-13, 16-17.

---

[1] THE COURT: Mr. Stevens, anything you understood differently or additionally?
MR. STEVENS: With regard to the issue of relevant conduct, Your Honor, only that we are not conceding relevant conduct, but we understand the Government has the right to argue relevant conduct."
THE COURT: Okay. Thank you, sir.
[discussion held off record]
MR. STEVENS: In addition, the Government indicated the possibility of restitution on the dismissed counts, and we don't concede the issue of restitution on counts that are being dismissed.
. . . .
THE COURT: Okay. Mr. Dietrich, is that how you understood it?
MR. DIETRICH: Yes, sir.
THE COURT: Is there anything that was said that didn't sound right to you that you didn't think you had agreed to?
MR. DIETRICH: No, sir.
THE COURT: Is there anything that wasn't said that you think is part of your plea agreement, anything you promised or anything that the Prosecution promised?
MR. DIETRICH: No, sir.

6

Mr. Dietrich later moved to withdraw his plea agreement. The court denied Mr. Dietrich's motion to withdraw his guilty plea pursuant to FED. R. CRIM P. 11(d)(2)(B) because it could find no fair and just reason for the withdrawal. Mr. Dietrich never claimed he was innocent of robbing the Menards store. Importantly, for purposes of his habeas petition, Mr. Dietrich never claimed he felt unsure or concerned about Paragraph 9(f) of the plea agreement concerning relevant conduct. Rather, Mr. Dietrich wanted to challenge the government's right to use evidence against him even though the court had told him at his plea hearing that his plea would waive pretrial motions and that he was giving up his right to pursue those issues before any court ever again. *See* Hrg. Tr., July 23, 2009, at 16-17 [Doc. No. 45].

For these reasons, but most importantly because of Mr. Dietrich's responses in the plea colloquy, Mr. Stevens' performance didn't prejudice Mr. Dietrich in any way.

### III. CONCLUSION

Accordingly, Mr. Dietrich's § 2255 petition is DENIED [Doc. No. 84] and his motion for hearing is also DENIED [Doc. No. 88].

SO ORDERED.

ENTERED: April 21, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

7

cc: R. Dietrich
　　J. Barrett